1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT
For the Northern District of California**

UNITED STATES  DISTRICT COURT

Northern District of California

San Francisco Division

KATHLEEN M LUCAS, et al.

        Plaintiffs,

  v.

DAIHATSU MOTOR CO., LTD., et al.

        Defendants.

_____/

No. C 12-02644 LB

**ORDER (1) GRANTING IN PART
AND DENYING AS MOOT IN PART
DEFENDANT DAIHATSU'S MOTION
TO DISMISS PLAINTIFF'S
COMPLAINT, (2) GRANTING
PLAINTIFFS' REQUEST FOR AN
EXTENSION OF TIME TO SERVE
DEFENDANT TOYOTA MOTOR
CORPORATION, AND (3)
CONTINUING THE INITIAL CASE
MANAGEMENT CONFERENCE**

[Re: ECF Nos. 6, 14]

## I.  INTRODUCTION

Plaintiffs Kathleen Lucas and Dan Martin (collectively "Plaintiffs") sued defendants Daihatsu

Motor Company, Ltd. ("Daihatsu") and Toyota Motor Corporation ("Toyota"), alleging strict

liability and negligence claims related to Plaintiffs' injuries in a car accident in Costa Rica.

Daihatsu has moved to dismiss Plaintiffs' complaint for insufficient service of process and for lack

of personal jurisdiction.  Plaintiffs did not oppose Daihatsu's motion.  Plaintiffs did, however, file a

request asking for additional time to properly serve Toyota.  Upon consideration of the papers

submitted and applicable law, the court **GRANTS** Daihatsu's motion and **GRANTS** Plaintiffs'

C 12-02644 LB
ORDER

1    request for additional time for service.[1]

2                                   **II.  BACKGROUND**

3        On March 6, 2012, Mr. Martin, who is a resident of Washington D.C., rented a Daihatsu

4    automobile from a licensee of Hertz Corporation ("Hertz") in Alajuela, Costa Rica.  Notice of

5    Removal, ECF No. 1, Ex. A, ¶ 11.[2]  At approximately 6:00 p.m. on that day, Mr. Martin was driving

6    the Daihatsu automobile, and Ms. Lucas, who is a resident of California, was a passenger.  *Id*., ¶ 12.

7    After passing through the gate of a home, Mr. Martin proceeded to drive down a steep driveway that

8    led to the house.  *Id*., ¶ 13.  Plaintiffs allege that, unexpectedly, the automobile began to accelerate

9    down the hill, and that although Mr. Martin depressed the clutch and brake pedals, the automobile

10   did not stop.  *Id*.  As a result, the automobile crashed into a wall of the house, and Mr. Martin and

11   Ms. Lucas both were severely injured.  *Id*., ¶ 14.

12       Plaintiffs instituted this action against Daihatsu and Toyota, both of whom are Japanese

13   corporations, in San Francisco County Superior Court on March 5, 2012.  Notice of Removal, ECF

14   No. 1 at 1, Ex. A.  They allege strict liability and negligence claims against both defendants.  *Id*.

15   Daihatsu learned of the action on April 25, 2012 and removed the action to this court on diversity

16   grounds on May 23, 2012.  Notice of Removal, ECF No. 1 at 2.  Daihatsu maintains that it has not

17   been properly served with the complaint and summons, and Toyota does not appear to have been

18   served at all.  *Id*.; *see generally* Docket.

19       On May 30, 2012, Daihatsu moved to dismiss Plaintiffs' complaint for insufficient service of

20   process under Federal Rule of Civil Procedure 12(b)(5) and for lack of personal jurisdiction under

21   Federal Rule of Civil Procedure 12(b)(2).  Motion, ECF No. 6.  Plaintiffs did not oppose Daihatsu's

22   motion.  Plaintiffs and Daihatsu have consented to the undersigned's jurisdiction.  Plaintiffs'

23

24

25

26       [1] Pursuant to Civil Local Rule 7-1(b), the court finds this matter suitable for determination
     without oral argument and VACATES the October 4, 2012 hearing on Daihatsu's motion to dismiss.

27
         [2] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page
28   number at the top of the document, not the pages at the bottom.

C 12-02644 LB
ORDER
                                              2

1   Consent, ECF No. 8; Daihatsu's Consent, ECF No. 11.[3]

2       On September 16, 2012, the court continued the hearing on Daihatsu's motion from September

3   20, 2012 to October 4, 2012.  9/16/2012 Order, ECF No. 13.  The reason for this continuance was to

4   see if Plaintiffs had served Toyota by the 120-day deadline under Federal Rule of Civil Procedure

5   4(m).  *See id.*  Because this action was removed on May 23, 2012 and Toyota had not yet been

6   served, Plaintiffs had until September 20, 2012 to serve it.  Fed. R. Civ. P. 4(m), 81(c)(1).

7   Accordingly, the court directed Plaintiffs to file by September 24, 2012 proof that Toyota had been

8   served.  9/16/2012 Order, ECF No. 13.

9       On September 20, 2012, Plaintiffs filed a request asking for an additional 90 days to serve

10  Toyota or, alternatively, to amend its complaint to name Toyota Motor Sales, U.S.A. as a defendant.

11  Request, ECF No. 14.

12                          **III.  DISCUSSION**

13  **A.  Insufficient Service of Process**

14      **1.  Legal Standard**

15      Federal courts cannot exercise personal jurisdiction over a defendant without proper service of

16  process.  *Omni Capital Int'l, Ltd. v. Wolff & Co.*, 484 U.S. 97, 104 (1987).  Insufficient service can

17  result in dismissal.  Fed. R. Civ. P. 12(b)(5).  "Once service is challenged, plaintiffs bear the burden

18  of establishing that service was valid under [Federal Rule Civil Procedure] 4."  *Brockmeyer v. May*,

19  383 F.3d 798, 801 (9th Cir. 2004).

20      **2.  Analysis**

21

22

23      [3] The court notes that Plaintiffs have provided no evidence that they served Toyota with the
complaint and summons.  Because Toyota was not served before the action was removed, Plaintiffs
24  had 120 days from the date of removal—or by September 20, 2012—to serve Toyota.  *See* Fed. R.
Civ. P. 4(m), 81(c)(1).  As far as the court knows, they have not done so.  Because the court does not
25  require the consent of a defendant to dismiss an action when the defendant has not been served, and
therefore the defendant is not a party under 28 U.S.C. § 636(c), the court may rule on Daihatsu's
26  motion.  *Ornelas v. De Frantz*, C 00-1067 JCS, 2000 WL 973684, at *2 n.2 (N.D. Cal. June 29,
27  2000) (citing *Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995)); *cf. United States v. Real
Property*, 135 F. 3d 1312, 1316 (9th Cir. 1997) (holding that the consent of an individual who was
28  not a party was not a precondition to the magistrate judge's jurisdiction).

C 12-02644 LB
ORDER

3

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

1    Daihatsu is a foreign corporation. *See* Notice of Removal, ECF No. 1, ¶ 4. It states that

2    Plaintiffs attempted to serve it by serving Ancil Leon Barnett, who Daihatsu says is a self-employed

3    independent contractor, in California on April 25, 2012. Motion, ECF No. 6 at 6. Daihatsu argues

4    that this is not proper service of the complaint and summons. *Id*. at 10-12. As noted above,

5    Plaintiffs did not file an opposition, and so they offer no argument or evidence in rebuttal.

6    Rule 4(h) describes the procedure for service of process of foreign corporations. Fed. R. Civ. P.

7    4(h). Service of a foreign corporation is valid in a judicial district of the United States if done in one

8    of two ways.[4]

9    First, it may be accomplished in the manner prescribed by Rule 4(e)(1) for serving an individual.

10   Fed. R. Civ. P. 4(h)(1)(A). Rule 4(e)(1) explains that process may be served in accordance with

11   "state law for serving a summons in an action brought in courts of general jurisdiction in the state

12   where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). The California

13   Code of Civil Procedure provides that process may be served on a corporation "by delivering a copy

14   of the summons and the complaint . . . [t]o the president or other head of the corporation, a vice

15   president, a secretary or assistant secretary, a treasurer or assistant treasurer, a general manager, or

16   person authorized by the corporation to receive service of process." Cal. Civ. Proc. Code §

17   416.10(b). A "general manager" has been interpreted to include "any agent of the corporation 'of

18   sufficient character and rank to make it reasonably certain that the defendant will be apprised of the

19   service made.'" *Gibble v. Car-Lene Research, Inc.*, 67 Cal. App. 4th 295, 313 (Cal. Ct. App. 1998)

20   (quoting *Eclipse Fuel Engineering Co. v. Superior Court*, 148 Cal. App. 2d 736, 745-46 (Cal. Ct.

21   App. 1957)).

22   Second, service may be accomplished "by delivering a copy of the summons and of the

23   complaint to an officer, a managing or general agent, or any other agent authorized by appointment

24

25        [4] If a foreign corporation is served <u>outside of a district of the United States</u>, Rule 4(h)(2)

26   directs that service be made pursuant to Rule 4(f), which in turn allows for service outside of a
     judicial district of the United States "by any international agreed means of service that is reasonably

27   calculated to give notice," such as Hague Convention. Fed. R. Civ. P. 4(f). Here, Plaintiffs
     attempted to serve Daihatsu within a judicial district of the United States, so the Rule 4(f) service

28   rules are not applicable.

C 12-02644 LB
ORDER

UNITED STATES DISTRICT COURT
For the Northern District of California

1    or by law to receive service of process and—if the agent is one authorized by statute and the statute

2    so requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(B).  But in

3    this Circuit, "service of process is not limited solely to officially designated officers, managing

4    agents, or agents appointed by law for the receipt of process." *Direct Mail Specialists v. Eclat*

5    *Computerized Technologies, Inc.*, 840 F.2d 685, 688 (9th Cir. 1988).  Indeed, service may be made

6    "'upon a representative so integrated with the organization that he will know what to do with the

7    papers.'" *Id*. (citing *Top Form Mills, Inc. v. Sociedad Nationale Industria Applicazioni Viscosa*, 428

8    F. Supp. 1237, 1251 (S.D.N.Y. 1977)).  As such, "'service is sufficient when made upon an

9    individual who stands in such a position as to render it fair, reasonable and just to imply the

10   authority on his part to receive service.'" *Id*.

11       Plaintiffs attempted to serve Daihatsu by leaving a copy of the complaint and summons with Mr.

12   Barnett's brother-in-law.  Barnett Declaration, ECF No. 5-1, ¶ 13.  Mr. Barnett was formerly

13   employed by Daihatsu America, Inc, but his employment with Daihatsu America, Inc. ended in or

14   around April 1, 2003, when Daihatsu pulled out of the American market.  *Id*., ¶¶ 2, 14.  He never

15   was an officer or director of Daihatsu, *id*., ¶ 15, and he is not authorized by Daihatsu to accept

16   service on its behalf, *id*., ¶ 17.

17       Now, Mr. Barnett works as a consultant for Nagata America providing, on an as-needed basis,

18   technical advice concerning Daihatsu-brand motor vehicles sold in the United States.  *Id*., ¶ 5.  He

19   provides responses to technical inquiries received from owners of Daihatsu-brand motor vehicles at

20   no cost to the owners.  *Id*., ¶ 6.  He also assists Nagata America with technical advice regarding parts

21   and submit monthly reports to Nagata America.  *Id*.  He is paid a monthly fee, paid directly to him

22   by Nagata America.  *Id*.  Daihatsu is not a party to the consulting agreement between Nagata

23   America and him.  *Id*.

24       Mr. Barnett also does business as "Daihatsu Help."  *Id*., ¶¶ 1, 12.  Daihatsu Help is a

25   business name he chose, and it is not owned by or under the control of Daihatsu.  *Id*., ¶ 12.  He chose

26   this name to help owners of Daihatsu-brand motor vehicles find his services more easily.  *Id*.  He

27   provides services in relation to a recall agreement, the purpose of which is to implement a

28   nation-wide voluntary recall of a check valve in the fuel evaporative emission control system of a

C 12-02644 LB
ORDER

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

1   Daihatsu sport utility vehicle known as the "Rocky." *Id*., ¶¶ 7, 8.  Under the recall agreement,

2   Daihatsu sends the recall notice to Rocky owners, communicates with the National Highway Traffic

3   Safety Administration, and funds a bank account in Mr. Barnett's name.  *Id*., ¶ 9.  He stores and

4   provides recall parts to repairers and also compensates the repairers for their labor from the bank

5   account funded by Daihatsu.  *Id*.  He then provides monthly reports to Daihatsu concerning recall

6   activities in a form provided by Daihatsu.  *Id*.  In consideration for these services, he is paid a flat

7   fee through Nagata America.  *Id*., ¶ 10.  Daihatsu receives no income from the recall.  *Id*., ¶ 11.

8        On these facts, and with no contrary argument or evidence from Plaintiffs, the court finds that

9   Mr. Barnett is not the type of individual who can accept service of process on behalf of Daihatsu

10  under either California Civil Procedure Code § 416.10(b) or Federal Rule of Civil  Procedure

11  4(h)(1)(B) (and the case law interpreting them).  Based on the facts as stated in his declaration, Mr.

12  Barnett has a tangential relationship with Daihatsu, and he is not an official or managerial level

13  employee of, or authorized agent for service of process for, Daihatsu.  In other words, the court does

14  not believe, given his relationship to Daihatsu, that it would be fair, reasonable and just to imply the

15  authority on his part to receive service, *Direct Mail Specialists v. Eclat Computerized Technologies,*

16  *Inc.*, 840 F.2d at 688, or that it would be reasonably certain that Daihatsu would be apprised of the

17  service made, *Gibble v. Car-Lene Research, Inc.*, 67 Cal. App.4th at 313.

18       Accordingly, the court **GRANTS** Daihatsu's motion to dismiss the complaint for insufficient

19  service of process.

20  **B.  Lack of Personal Jurisdiction**

21       "In the absence of service of process (or waiver of service by the defendant), a court ordinarily

22  may not exercise power over a party the complaint names as defendant." *Murphy Bros., Inc. v.*

23  *Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350-51 (1999) (citing *Omni Capital Int'l, Ltd. v. Rudolf*

24  *Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a . . . court may exercise personal jurisdiction over a

25  defendant, the procedural requirement of service of summons must be satisfied."); *Mississippi*

26  *Publishing Corp. v. Murphree*, 326 U.S. 438, 444-445 (1946) ("[S]ervice of summons is the

27  procedure by which a court . . . asserts jurisdiction over the person of the party served.")).

28  Accordingly, because the court will dismiss Plaintiffs' complaint for insufficient service of process,

C 12-02644 LB
ORDER

6

UNITED STATES DISTRICT COURT
For the Northern District of California

1   the court will deny as moot Daihatsu's motion with respect to its arguments regarding the lack of

2   personal jurisdiction.  *See*, *e.g.*, *Bittel Technology, Inc. v. Bittel USA,* Inc., No. C 10-00719 HRL,

3   2010 WL 3221864, at *5 (N.D. Cal. Aug. 13, 2010) (denying as moot third-party defendant's motion

4   to dismiss for lack of personal jurisdiction after granting third-party defendants' motion to dismiss

5   for insufficient process); *Chiron Corp. v. Grossman*, No. C 97-0487 CRB, 1998 WL 456289 (N.D.

6   Cal. July 30, 1998) (dismissing without prejudice plaintiffs' complaint for defects of process and

7   declining to address the personal jurisdiction issue); *see also Dodco, Inc. v. Amer. Bonding Co.*, 7

8   F.3d 1387, 1388-89 (8th Cir. 1993) (judgment vacated for lack of jurisdiction when service made on

9   agent not authorized to accept service for defendant).

10  **C.  Additional Time for Service of Defendants**

11      Given the court's ruling that Daihatsu was not properly served with the complaint, and given

12  Plaintiffs' apparent failure to properly serve Toyota as well, the court must decide how to proceed.

13  The 120-day period for Plaintiffs to have served Defendants under Rule 4(m) has expired.

14  Nevertheless, in this situation, the court finds good cause to give Plaintiffs additional time to serve

15  Defendants.  Plaintiffs tried to serve both Defendants, but failed.  This is not entirely surprising, as

16  Defendants are foreign corporations, and service upon them may entail more-complicated-than-usual

17  procedures for doing so.  Further, the court does not see how an extension of the service deadline

18  would prejudice either Defendant in this case.  Accordingly, the court **GRANTS** Plaintiffs' request

19  for an additional 90 days to serve Toyota and applies the same deadline for Plaintiffs to serve

20  Daihatsu.

21                          **IV.  CONCLUSION**

22      Based on the foregoing, the court **GRANTS** Daihatsu's motion to dismiss for insufficient service

23  of process and **DENIES AS MOOT** Daihatsu's motion to dismiss for lack of personal jurisdiction.

24  Plaintiffs' complaint is dismissed without prejudice.  Plaintiffs may file a First Amended Complaint

25  within 14 days from the date of this order.

26      In addition, the court **GRANTS** Plaintiffs' request for additional time for service.  Plaintiffs may

27  have until December 26, 2012 (which is 90 days from the date of this order) to serve Daihatsu and

28  Toyota (or any other defendant Plaintiffs may substitute in Toyota's place) with the First Amended

C 12-02644 LB
ORDER

1  Complaint.

2      The court **CONTINUES** the Initial Case Management Conference from October 4, 2012 to

3  January 17, 2012 at 10:30 a.m.

4      **IT IS SO ORDERED.**

5  Dated: September 27, 2012

6                                              LAUREL BEELER
                                               United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

C 12-02644 LB
ORDER

8