UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| KATHLEEN M LUCAS, et al.<br><br>　　　　Plaintiffs,<br>　v.<br>DAIHATSU MOTOR CO., LTD., et al.<br><br>　　　　Defendants.<br>_____/ | No. C 12-02644 LB<br><br>**ORDER (1) GRANTING IN PART AND DENYING AS MOOT IN PART DEFENDANT DAIHATSU'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT, (2) GRANTING PLAINTIFFS' REQUEST FOR AN EXTENSION OF TIME TO SERVE DEFENDANT TOYOTA MOTOR CORPORATION, AND (3) CONTINUING THE INITIAL CASE MANAGEMENT CONFERENCE**<br><br>[Re: ECF Nos. 6, 14] |

## I. INTRODUCTION

Plaintiffs Kathleen Lucas and Dan Martin (collectively "Plaintiffs") sued defendants Daihatsu Motor Company, Ltd. ("Daihatsu") and Toyota Motor Corporation ("Toyota"), alleging strict liability and negligence claims related to Plaintiffs' injuries in a car accident in Costa Rica. Daihatsu has moved to dismiss Plaintiffs' complaint for insufficient service of process and for lack of personal jurisdiction. Plaintiffs did not oppose Daihatsu's motion. Plaintiffs did, however, file a request asking for additional time to properly serve Toyota. Upon consideration of the papers submitted and applicable law, the court **GRANTS** Daihatsu's motion and **GRANTS** Plaintiffs'

request for additional time for service.[1]

## II. BACKGROUND

On March 6, 2012, Mr. Martin, who is a resident of Washington D.C., rented a Daihatsu automobile from a licensee of Hertz Corporation ("Hertz") in Alajuela, Costa Rica. Notice of Removal, ECF No. 1, Ex. A, ¶ 11.[2] At approximately 6:00 p.m. on that day, Mr. Martin was driving the Daihatsu automobile, and Ms. Lucas, who is a resident of California, was a passenger. *Id.*, ¶ 12. After passing through the gate of a home, Mr. Martin proceeded to drive down a steep driveway that led to the house. *Id.*, ¶ 13. Plaintiffs allege that, unexpectedly, the automobile began to accelerate down the hill, and that although Mr. Martin depressed the clutch and brake pedals, the automobile did not stop. *Id*. As a result, the automobile crashed into a wall of the house, and Mr. Martin and Ms. Lucas both were severely injured. *Id.*, ¶ 14.

Plaintiffs instituted this action against Daihatsu and Toyota, both of whom are Japanese corporations, in San Francisco County Superior Court on March 5, 2012. Notice of Removal, ECF No. 1 at 1, Ex. A. They allege strict liability and negligence claims against both defendants. *Id*. Daihatsu learned of the action on April 25, 2012 and removed the action to this court on diversity grounds on May 23, 2012. Notice of Removal, ECF No. 1 at 2. Daihatsu maintains that it has not been properly served with the complaint and summons, and Toyota does not appear to have been served at all. *Id.*; *see generally* Docket.

On May 30, 2012, Daihatsu moved to dismiss Plaintiffs' complaint for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5) and for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). Motion, ECF No. 6. Plaintiffs did not oppose Daihatsu's motion. Plaintiffs and Daihatsu have consented to the undersigned's jurisdiction. Plaintiffs'

---

[1] Pursuant to Civil Local Rule 7-1(b), the court finds this matter suitable for determination without oral argument and VACATES the October 4, 2012 hearing on Daihatsu's motion to dismiss.

[2] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

1 Consent, ECF No. 8; Daihatsu's Consent, ECF No. 11.[3]

2 On September 16, 2012, the court continued the hearing on Daihatsu's motion from September 20, 2012 to October 4, 2012. 9/16/2012 Order, ECF No. 13. The reason for this continuance was to see if Plaintiffs had served Toyota by the 120-day deadline under Federal Rule of Civil Procedure 4(m). *See id*. Because this action was removed on May 23, 2012 and Toyota had not yet been served, Plaintiffs had until September 20, 2012 to serve it. Fed. R. Civ. P. 4(m), 81(c)(1). Accordingly, the court directed Plaintiffs to file by September 24, 2012 proof that Toyota had been served. 9/16/2012 Order, ECF No. 13.

On September 20, 2012, Plaintiffs filed a request asking for an additional 90 days to serve Toyota or, alternatively, to amend its complaint to name Toyota Motor Sales, U.S.A. as a defendant. Request, ECF No. 14.

### III. DISCUSSION

**A. Insufficient Service of Process**

**1. Legal Standard**

Federal courts cannot exercise personal jurisdiction over a defendant without proper service of process. *Omni Capital Int'l, Ltd. v. Wolff & Co.*, 484 U.S. 97, 104 (1987). Insufficient service can result in dismissal. Fed. R. Civ. P. 12(b)(5). "Once service is challenged, plaintiffs bear the burden of establishing that service was valid under [Federal Rule Civil Procedure] 4." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

**2. Analysis**

---

[3] The court notes that Plaintiffs have provided no evidence that they served Toyota with the complaint and summons. Because Toyota was not served before the action was removed, Plaintiffs had 120 days from the date of removal—or by September 20, 2012—to serve Toyota. *See* Fed. R. Civ. P. 4(m), 81(c)(1). As far as the court knows, they have not done so. Because the court does not require the consent of a defendant to dismiss an action when the defendant has not been served, and therefore the defendant is not a party under 28 U.S.C. § 636(c), the court may rule on Daihatsu's motion. *Ornelas v. De Frantz*, C 00-1067 JCS, 2000 WL 973684, at *2 n.2 (N.D. Cal. June 29, 2000) (citing *Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995)); *cf. United States v. Real Property*, 135 F. 3d 1312, 1316 (9th Cir. 1997) (holding that the consent of an individual who was not a party was not a precondition to the magistrate judge's jurisdiction).

1  Daihatsu is a foreign corporation. *See* Notice of Removal, ECF No. 1, ¶ 4. It states that
2  Plaintiffs attempted to serve it by serving Ancil Leon Barnett, who Daihatsu says is a self-employed
3  independent contractor, in California on April 25, 2012. Motion, ECF No. 6 at 6. Daihatsu argues
4  that this is not proper service of the complaint and summons. *Id.* at 10-12. As noted above,
5  Plaintiffs did not file an opposition, and so they offer no argument or evidence in rebuttal.

   Rule 4(h) describes the procedure for service of process of foreign corporations. Fed. R. Civ. P.
   4(h). Service of a foreign corporation is valid in a judicial district of the United States if done in one
   of two ways.[4]

   First, it may be accomplished in the manner prescribed by Rule 4(e)(1) for serving an individual.
   Fed. R. Civ. P. 4(h)(1)(A). Rule 4(e)(1) explains that process may be served in accordance with
   "state law for serving a summons in an action brought in courts of general jurisdiction in the state
   where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). The California
   Code of Civil Procedure provides that process may be served on a corporation "by delivering a copy
   of the summons and the complaint . . . [t]o the president or other head of the corporation, a vice
   president, a secretary or assistant secretary, a treasurer or assistant treasurer, a general manager, or
   person authorized by the corporation to receive service of process." Cal. Civ. Proc. Code §
   416.10(b). A "general manager" has been interpreted to include "any agent of the corporation 'of
   sufficient character and rank to make it reasonably certain that the defendant will be apprised of the
   service made.'" *Gibble v. Car-Lene Research, Inc.*, 67 Cal. App. 4th 295, 313 (Cal. Ct. App. 1998)
   (quoting *Eclipse Fuel Engineering Co. v. Superior Court*, 148 Cal. App. 2d 736, 745-46 (Cal. Ct.
   App. 1957)).

   Second, service may be accomplished "by delivering a copy of the summons and of the
   complaint to an officer, a managing or general agent, or any other agent authorized by appointment

---

[4] If a foreign corporation is served <u>outside of a district of the United States</u>, Rule 4(h)(2) directs that service be made pursuant to Rule 4(f), which in turn allows for service outside of a judicial district of the United States "by any international agreed means of service that is reasonably calculated to give notice," such as Hague Convention. Fed. R. Civ. P. 4(f). Here, Plaintiffs attempted to serve Daihatsu within a judicial district of the United States, so the Rule 4(f) service rules are not applicable.

UNITED STATES DISTRICT COURT
For the Northern District of California

or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(B). But in this Circuit, "service of process is not limited solely to officially designated officers, managing agents, or agents appointed by law for the receipt of process." *Direct Mail Specialists v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). Indeed, service may be made "'upon a representative so integrated with the organization that he will know what to do with the papers.'" *Id*. (citing *Top Form Mills, Inc. v. Sociedad Nationale Industria Applicazioni Viscosa*, 428 F. Supp. 1237, 1251 (S.D.N.Y. 1977)). As such, "'service is sufficient when made upon an individual who stands in such a position as to render it fair, reasonable and just to imply the authority on his part to receive service.'" *Id*.

Plaintiffs attempted to serve Daihatsu by leaving a copy of the complaint and summons with Mr. Barnett's brother-in-law. Barnett Declaration, ECF No. 5-1, ¶ 13. Mr. Barnett was formerly employed by Daihatsu America, Inc, but his employment with Daihatsu America, Inc. ended in or around April 1, 2003, when Daihatsu pulled out of the American market. *Id*., ¶¶ 2, 14. He never was an officer or director of Daihatsu, *id*., ¶ 15, and he is not authorized by Daihatsu to accept service on its behalf, *id*., ¶ 17.

Now, Mr. Barnett works as a consultant for Nagata America providing, on an as-needed basis, technical advice concerning Daihatsu-brand motor vehicles sold in the United States. *Id*., ¶ 5. He provides responses to technical inquiries received from owners of Daihatsu-brand motor vehicles at no cost to the owners. *Id*., ¶ 6. He also assists Nagata America with technical advice regarding parts and submit monthly reports to Nagata America. *Id*. He is paid a monthly fee, paid directly to him by Nagata America. *Id*. Daihatsu is not a party to the consulting agreement between Nagata America and him. *Id*.

Mr. Barnett also does business as "Daihatsu Help." *Id*., ¶¶ 1, 12. Daihatsu Help is a business name he chose, and it is not owned by or under the control of Daihatsu. *Id*., ¶ 12. He chose this name to help owners of Daihatsu-brand motor vehicles find his services more easily. *Id*. He provides services in relation to a recall agreement, the purpose of which is to implement a nation-wide voluntary recall of a check valve in the fuel evaporative emission control system of a

1   Daihatsu sport utility vehicle known as the "Rocky." *Id.*, ¶¶ 7, 8.  Under the recall agreement,
2   Daihatsu sends the recall notice to Rocky owners, communicates with the National Highway Traffic
3   Safety Administration, and funds a bank account in Mr. Barnett's name. *Id.*, ¶ 9.  He stores and
4   provides recall parts to repairers and also compensates the repairers for their labor from the bank
5   account funded by Daihatsu. *Id.*  He then provides monthly reports to Daihatsu concerning recall
6   activities in a form provided by Daihatsu. *Id.*  In consideration for these services, he is paid a flat
7   fee through Nagata America. *Id.*, ¶ 10.  Daihatsu receives no income from the recall. *Id.*, ¶ 11.

   On these facts, and with no contrary argument or evidence from Plaintiffs, the court finds that
Mr. Barnett is not the type of individual who can accept service of process on behalf of Daihatsu
under either California Civil Procedure Code § 416.10(b) or Federal Rule of Civil Procedure
4(h)(1)(B) (and the case law interpreting them).  Based on the facts as stated in his declaration, Mr.
Barnett has a tangential relationship with Daihatsu, and he is not an official or managerial level
employee of, or authorized agent for service of process for, Daihatsu.  In other words, the court does
not believe, given his relationship to Daihatsu, that it would be fair, reasonable and just to imply the
authority on his part to receive service, *Direct Mail Specialists v. Eclat Computerized Technologies, Inc.*, 840 F.2d at 688, or that it would be reasonably certain that Daihatsu would be apprised of the service made, *Gibble v. Car-Lene Research, Inc.*, 67 Cal. App.4th at 313.

   Accordingly, the court **GRANTS** Daihatsu's motion to dismiss the complaint for insufficient service of process.

## B. Lack of Personal Jurisdiction

"In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350-51 (1999) (citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a . . . court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."); *Mississippi Publishing Corp. v. Murphree*, 326 U.S. 438, 444-445 (1946) ("[S]ervice of summons is the procedure by which a court . . . asserts jurisdiction over the person of the party served.")). Accordingly, because the court will dismiss Plaintiffs' complaint for insufficient service of process,

the court will deny as moot Daihatsu's motion with respect to its arguments regarding the lack of personal jurisdiction. *See*, *e.g.*, *Bittel Technology, Inc. v. Bittel USA,* Inc., No. C 10-00719 HRL, 2010 WL 3221864, at *5 (N.D. Cal. Aug. 13, 2010) (denying as moot third-party defendant's motion to dismiss for lack of personal jurisdiction after granting third-party defendants' motion to dismiss for insufficient process); *Chiron Corp. v. Grossman*, No. C 97-0487 CRB, 1998 WL 456289 (N.D. Cal. July 30, 1998) (dismissing without prejudice plaintiffs' complaint for defects of process and declining to address the personal jurisdiction issue); *see also Dodco, Inc. v. Amer. Bonding Co.*, 7 F.3d 1387, 1388-89 (8th Cir. 1993) (judgment vacated for lack of jurisdiction when service made on agent not authorized to accept service for defendant).

## C. **Additional Time for Service of Defendants**

Given the court's ruling that Daihatsu was not properly served with the complaint, and given Plaintiffs' apparent failure to properly serve Toyota as well, the court must decide how to proceed. The 120-day period for Plaintiffs to have served Defendants under Rule 4(m) has expired. Nevertheless, in this situation, the court finds good cause to give Plaintiffs additional time to serve Defendants. Plaintiffs tried to serve both Defendants, but failed. This is not entirely surprising, as Defendants are foreign corporations, and service upon them may entail more-complicated-than-usual procedures for doing so. Further, the court does not see how an extension of the service deadline would prejudice either Defendant in this case. Accordingly, the court **GRANTS** Plaintiffs' request for an additional 90 days to serve Toyota and applies the same deadline for Plaintiffs to serve Daihatsu.

## IV.  CONCLUSION

Based on the foregoing, the court **GRANTS** Daihatsu's motion to dismiss for insufficient service of process and **DENIES AS MOOT** Daihatsu's motion to dismiss for lack of personal jurisdiction. Plaintiffs' complaint is dismissed without prejudice. Plaintiffs may file a First Amended Complaint within 14 days from the date of this order.

In addition, the court **GRANTS** Plaintiffs' request for additional time for service. Plaintiffs may have until December 26, 2012 (which is 90 days from the date of this order) to serve Daihatsu and Toyota (or any other defendant Plaintiffs may substitute in Toyota's place) with the First Amended

Complaint.

The court **CONTINUES** the Initial Case Management Conference from October 4, 2012 to January 17, 2012 at 10:30 a.m.

**IT IS SO ORDERED.**

Dated: September 27, 2012

_____
LAUREL BEELER
United States Magistrate Judge

C 12-02644 LB
ORDER

8